UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                          Case Number 08-20132-BC
v.                                        Honorable Thomas L. Ludington

DANNY LAMONT BLACKSHER,

        Defendant.
_____ /

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant Danny Lamont Blacksher was charged in an April 22, 2009 superseding indictment with three drug trafficking counts in violation of 21 U.S.C. § 841(a) and two firearm counts in violation of 18 U.S.C. §§ 922(g) and 924(c). The indictment alleged that the offenses occurred on February 28, 2008 in the Eastern District of Michigan. On December 15, 2009, Defendant entered a guilty plea pursuant to a Rule 11 plea agreement [Dkt. # 46] to counts one and five of the indictment, which charged Defendant of possession with intent to distribute crack cocaine and being a felon in possession of a firearm.

The signed Rule 11 plea agreement [Dkt. # 46] reflects that Defendant was responsible for 29.87 grams of crack cocaine, which provided a base offense level of 26, plus a two point increase because the firearm was stolen, and less three points based on acceptance of responsibility. The resulting score of 25, paired with a criminal history category of IV, provided the 84-to-105-month range. On April 28, 2010, Defendant was sentenced to 90 months imprisonment [Dkt. # 54].

On August 3, 2010, President Obama signed the Fair Sentencing Act of 2010 into law. Pub. L. No. 111-220, 124 Stat. 2372 (2010). The statute reduces the disparity between the mandatory prison sentences that apply to offenses involving powder cocaine compared to offenses involving

cocaine base or crack cocaine. At the time Defendant was sentenced, a conviction for distribution of 5 grams of crack cocaine triggered a mandatory minimum of 5 years imprisonment. By contrast, a defendant could distribute up to 500 grams of powder cocaine before the mandatory minimum was triggered. The 100-to-1 disparity was reduced to approximately 18-to-1 by the statute, which raised the quantity of crack cocaine that triggers the 5-year minimum prison sentence to 28 grams.

In November 2010, the United States Sentencing Commission promulgated new crack cocaine sentencing guidelines to correspond with the mandatory minimums enacted by Congress. Under the old Guidelines, a defendant who possessed between 20 and 35 grams of crack cocaine was assigned a base offense level of 26. Under the new Guidelines, a base offense level of 26 corresponds with possession of between 28 and 112 grams of crack cocaine. The Sentencing Commission made the new Guidelines permanent in April 2011, and held a hearing on June 1, 2011 to consider whether to apply the new Guidelines retroactively.

On February 22, 2011, Defendant filed a motion urging the Court to reduce his sentence based on the passage of the Fair Sentencing Act and the promulgation of the new guidelines by the commission. The Court denied the motion on May 4, 2011. On May 13, 2011, Defendant filed a motion for reconsideration.

Eastern District of Michigan Local Rule 7.1(h) provides that any party may file a motion for reconsideration within fourteen days after entry of an order.

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h).

As the Court explained in its earlier order, Defendant is not entitled to relief because the Fair Sentencing Act does not apply retroactively, *see United States v. Askew*, No. 08-20334-BC, 2010 WL 4807066 (E.D. Mich. Nov. 18, 2010), and the Sentencing Commission has not yet determined whether to make the Guideline changes retroactive.[1] There was no palpable defect in the Court's analysis.

Moreover, even if the changes did apply retroactively, neither the amended mandatory minimums nor the new Guidelines would have impacted Defendant's sentence. Defendant possessed more than 28 grams of crack cocaine, and therefore remains subject to a five-year mandatory minimum under the Fair Sentencing Act. Moreover, Petitioner's base offense level under the old guidelines, a 26, is the same under the amended guidelines. Petitioner possessed just under 30 grams of crack cocaine. Possession of between 28 and 35 grams provides for a base offense level of 26 under both sets of Guidelines.

Petitioner now argues that "he knew the actual weight of the crack cocaine he possessed to be only 27 grams of cocaine base." Thus, if the guidelines changes did apply retroactively, he may have had a lower base offense level. Petitioner admitted under oath at the plea hearing that he possessed more than 28 grams of cocaine base. He also signed a Rule 11 agreement admitting that he possessed more than 28 grams of cocaine base. His argument, raised for the first time in a motion for reconsideration, that he only possessed 27 grams of cocaine base is unavailing. He admitted under oath he possessed more than 28 grams, and without some evidence that the admission was

---

[1] *See* United States Sentencing Commission, U.S. Sentencing Commission Promulgates Permanent Amendment to the Federal Sentencing Guidelines Covering Crack Cocaine, Other Drug Trafficking Offenses, (News Release Apr. 6, 2011), *available at* http://www.ussc.gov/Legislative_and_Public_Affairs/Newsroom/Press_Releases/20110406_Press_Release.pdf.

coerced or otherwise flawed, he remains bound by his testimony.

Accordingly, it is **ORDERED** that Defendant's motion for reconsideration [Dkt. # 61] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 7, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Danny Lamont Blacksher, #42317039, at Herlong Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 800, Herlong, CA 96113 by first class U.S. mail on June 7, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS