UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANNY LAMONT BLACKSHER,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.

                                      /

CRIMINAL CASE NO. 08-CR-20132
CIVIL CASE NO. 11-CV-11826

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**REPORT AND RECOMMENDATION ON MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 56)
**AND ON RESPONDENT'S MOTION TO
DISMISS MOTION TO VACATE SENTENCE**
(Doc. 69)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion to vacate sentence (Doc. 56) be **DENIED**, that the motion to dismiss the motion to vacate sentence (Doc. 69) be **GRANTED**, and that the case be dismissed in its entirety.

## II.    REPORT

### A.    Introduction

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is Danny Lamont Blacksher's (hereafter "Blacksher" or "Petitioner") motion to vacate his federal custodial sentence pursuant to 28 U.S.C. § 2255, which was filed on April 25, 2011. Petitioner's federal sentence was imposed on April 29, 2010. (Doc. 54.)

In his § 2255 motion, Petitioner raises three issues: (1) ineffective assistance of counsel based on counsel's failure to perfect an appeal after having been instructed to do so (Doc. 56 at 4);

(2) abuse of discretion by the district court for failure to consider Petitioner's *pro se* motion for downward departure (*id*. at 5; ); and (3) application of the Fair Sentencing Act of 2010 to result in a reduction in Petitioner's sentence. (*Id*. at 6.)

I note at the threshold that, prior to issuing the order of reference, the district court had already ruled upon the second and third of Petitioner's grounds. Petitioner's second issue refers to a motion for reduction of sentence he filed on February 22, 2011 (Doc. 55), which the district court denied on May 4, 2011. (Doc. 58.) In denying the motion, the court declined to give Petitioner the relief he requests in the third issue raised in the instant 2255 motion, concluding that courts have held that the Fair Sentencing Act of 2010 does not apply retroactively. (Doc. 58 at 2-3.) Petitioner moved for reconsideration on May 26, 2011 (Doc. 61), and the district court denied that motion on June 7, 2011. (Doc. 62.)

Accordingly, the only remaining issue is Petitioner's first issue, i.e., whether counsel was ineffective for failing to perfect an appeal after being instructed to do so. On September 9, 2011, after an extension of the deadline, Respondent filed its motion to dismiss the petition in lieu of responding to the petition, based on the appellate and collateral attack waiver contained in the Rule 11 plea agreement. (Doc. 69.) Petitioner did not respond to the motion to dismiss.

**B.    Background**

On April 22, 2009, Petitioner was charged in a First Superseding Indictment with: (1) possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); (3) possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1); (4) possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c); and (5) felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Doc. 37.) On December

15, 2009, Blacksher appeared before the district judge and entered a plea of guilty pursuant to a Rule 11 plea agreement entered into on that day. (Doc. 46.) Under this agreement, Petitioner agreed to plead guilty to counts one and five of the First Superseding Indictment, according to an agreed upon statement of the factual basis for the guilty plea, in exchange for the government's dismissal of counts two through four and the government's recommendation that Petitioner be given a reduction of two levels for acceptance of responsibility under U.S.S.G. § 3E1.1(b). (Doc. 46 at 4.) The plea agreement also contained an appeal waiver which stated as follows:

> Defendant waives his right to appeal his conviction(s) and may only appeal or otherwise challenge any part of his sentence(s) to which he has not stipulated in this plea agreement and attached worksheets. . . .
> Defendant understands that defendants generally have the right to attach [sic] their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives the right and agrees not to contest his conviction or sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255.

(*Id*. at 7.) The agreement further provided that it

> supersedes all other promises, representations, understandings, and agreements between the parties. . . . Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

(*Id*. at 8.) Before the signature line for Blacksher and his counsel, the agreement provides:

> By signing below, defendant acknowledges that he/she has read (or been read) this entire document, understands it, and agrees to its terms. He/She also acknowledges that he/she is satisfied with his/her attorney's advice and representation. Defendant agrees that he/she has had a full and complete opportunity to confer with his/her lawyer, and has had all of his/her questions answered by his/her lawyer.

(*Id*. at 9.) On April 29, 2010, Blacksher was sentenced and committed to the custody of the United States Bureau of Prisons for a total term of 90 months. (Doc. 54 at 2.)

### C. Plea Agreement Waiver Standards

3

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)). Therefore, the Sixth Circuit has "held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) ("plea agreement waivers of § 2255 rights are generally enforceable"). However, "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or collateral attack when the substance of his claim challenges the very validity of the waiver itself." *Acosta*, 480 F.3d at 422.

**D. Waiver**

Petitioner contends that

> immediately after the pronouncement of the sentence, [he] turned to his counsel and stated, "I want to appeal." Counsel replied, "Appeal for what?" Petitioner replied back, "I want to appeal the downward departure I had requested in my hand-written motion I filed in light of *Spears* which was never addressed by the court." Counsel then stated, "I will come and see you within a week." Two days later, a Friday, April 30, 2010, Petitioner called his attorney's office, only to get his counsel's secretary, who screened, "What do you need to speak to him about?" Petitioner responded, "It is very important that I speak to him concerning the matter about my appeal." At which, counsel's secretary advised, "I'll give him the message." Petitioner placed another telephone call to his counsel's office, exactly one week from the day of Petitioner's sentencing, on Wednesday, May 5, 2010, as Petitioner had yet to see or hear from his counsel. However, this time, counsel's office would [not] [sic] except [sic] Petitioner's calls. In fact, Petitioner has never heard from his counsel again.

(Doc. 56 at 15.) As indicated above, Petitioner does not argue that his plea was not knowing or voluntary, nor does he contend that the plea was the product of ineffective assistance of counsel.

4

Therefore, there is no bar to enforcing Petitioner's waiver of the right to collaterally attack his conviction and sentence. *Acosta*, 480 F.3d at 422.

I note that even if Petitioner had challenged the voluntariness of his plea, the record reveals that his plea was knowing and voluntary. At the plea hearing, government counsel recited the significant provisions of the plea agreement, including the waiver of appellate rights and waiver of the right to bring any post-conviction collateral proceedings such as a motion under 28 U.S.C. § 2255. (Plea Tr., Doc. 67 at 12.) Immediately following the government's recitation, the Court asked Blacksher whether he had been listening and whether he had "heard anything that's different in any way from your expectations?" to which Blacksher responded, "No." (Doc. 67 at 14.) When asked whether anyone offered him anything other than the arrangements described in the Rule 11 agreement, Blacksher responded, "No." (Doc. 56 at 14.) When asked whether anyone used any force or coercion to convince him to enter a guilty plea, Blacksher responded, "No." (*Id*. at 15.)

I suggest that the even if Blacksher had challenged the voluntariness of his plea , the record would not support such a claim. I therefore suggest that the appellate and collateral attack waiver should be enforced.

      **E.**    **Whether Blacksher's Unfulfilled Request for Counsel to File an Appeal Precludes Enforcement of the Waiver**

Blacksher cites *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000), in support for his argument. (Doc. 56 at 16.) In *Florex-Ortega*, the Supreme Court stated that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. The Court "h[e]ld that when counsel's

5

constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance claim entitling him to an appeal" without any further showing. *Id.* at 484.

The Sixth Circuit has summarized that,

> [s]tripping *Flores-Ortega* to its rudiments, it becomes clear that there are two scenarios in which the two *Strickland* components can be satisfied in a single stroke: (1) where the defendant specifically instructs his attorney to file an appeal, and his attorney does not; and (2) where non-frivolous grounds for appeal exist, yet no appeal is filed.

*United States v. Lovell*, 83 Fed. App'x 754, 759 (6th Cir. 2003) (internal citation omitted). However, *Flores-Ortega* did not address the enforceability of a waiver of collateral attack rights under § 2255.

### 1. Direct Appeal

In a recent unpublished Sixth Circuit case, the defendant/petitioner argued that "an attorney's failure to perfect an appeal when instructed to do so, or failure to consult with the client when grounds or interest exist, constitutes ineffective assistance of counsel *even where*, as here, the defendant has entered into a plea agreement waiving some or all of his rights to a direct appeal." *Sarlog v. United States*, No. 09-3033, 2011 WL 63599, at *4 (6th Cir. Jan. 7, 2011) (emphasis in original). The court stated that "this argument raises an issue on which the circuits are currently split." *Id.* The Sixth Circuit noted that the Second, Fourth, Fifth, Eighth, Ninth, Tenth, and Eleventh Circuits have held that the *Flores-Ortega* issue survives, i.e., that counsel may be ineffective for failing to file an appeal when requested even though the defendant entered into a plea agreement waiving his appellate rights. On the other hand, the Third and Seventh Circuits have held that counsel may rely on the instruction not to file an appeal that is implicit in the waiver of appellate rights. *Sarlog*, at *4 n.2 (listing cases). However, the Sixth Circuit did not did not rule

on this issue because the court found that the petitioner had not knowingly and voluntarily waived his right to appeal. *Id.* at \*4.

In light of the absence of any controlling Sixth Circuit authority, I suggest that the approach taken by the Third and Seventh Circuits is the better reasoned. In *United States v. Mabry*, 536 F.3d 231 (3d Cir. 2008), the court held that if the waiver of direct appeal and collateral attack rights was made knowingly and voluntarily, an ineffective assistance of counsel claim based on failure to file an appeal would be precluded and the plea agreement would be enforced absent a narrowly-defined exception to prevent a miscarriage of justice. *Id.* at 242. *See also Nunez v. United States*, 546 F.3d 450, 452 (7th Cir. 2008) (on remand) (government surrendered argument regarding waiver but the court stated in dicta that "it would be anomalous to plead guilty and waive appeal, yet reserve by indirection a right to test the conviction later"). On the basis of this authority, I therefore suggest that Blacksher's unfulfilled request for counsel to file a direct appeal should not preclude enforcement of Blacksher's direct appeal waiver.

Like the Fourth Circuit, I recognize that enforcing a waiver of the right to appeal without addressing the merits of a claim could leave a defendant whose civil rights were violated after pleading guilty without recourse. However, the Fourth Circuit has also pointed out that "a defendant who waives his right to appeal [in a plea agreement] does not subject himself to being sentenced entirely at the whim of the district court." *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). The Fourth Circuit has therefore "refused to enforce appeal waivers in cases that involve errors that the defendant could not have reasonably contemplated when the plea agreement was executed." *United States v. Poindexter*, 492 F.3d 263, 272 (4th Cir. 2007). Examples of errors that could not reasonably be contemplated when the plea agreement was executed include a sentence imposed in excess of the maximum penalty or based on a constitutionally impermissible

factor such as race. *Marin*, 961 F.2d at 496; *accord United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994).

Earlier, in *United States v. Blick*, 408 F.3d 162 (4th Cir. 2005), the Fourth Circuit explained that where the scope of the waiver is not violated, i.e., where a defendant is "sentenced precisely in the manner that he anticipated[,]" the appellate waiver must be enforced. *Id*. at 173. In *Blick*, the plea agreement provided that the defendant would be sentenced within the maximum provided in the statute of conviction and in accordance with the pre-*Booker* guidelines. *Id.* The court held that even though "the law changed after he pled guilty, his expectations (as reflected in the plea agreement) did not." *Id.* Therefore, the court held that the defendant had not been sentenced at the whim of the district court but rather had been sentenced in accordance with his bargained-for result that was reasonably contemplated when the plea agreement was executed. *Id.* The court also noted that plea agreements "rest on contractual principles, and each party should receive the benefit of its bargain." *Id*. The court concluded that to allow the defendant to appeal on the issue of ineffective assistance of counsel where the defendant received exactly what he bargained for would "unfairly deny the United States an important benefit of its bargain." *Id.* Therefore, the court found that the issues raised were "within the scope of the waiver" and the court granted the government's motion to dismiss. *Id.*

I find the Fourth Circuit's reasoning to be persuasive and therefore suggest that even under the more protective approach taken by the Fourth Circuit, Blacksher is not entitled to escape the consequences of his appellate waiver. Since Blacksher was sentenced entirely in accordance with the plea agreement, I suggest that any issues raised are within the scope of the waiver, would have reasonably been contemplated at the time he entered his plea, and should not be held to undermine Blacksher's waiver of his right to direct appeal.

**2.     Collateral Relief Under § 2255**

Recent district court cases have focused on the narrow issue of whether a petitioner's right to assert an ineffective assistance claim in a later post-plea collateral proceeding, such as one under § 2255, has also been waived. *See United States v. Rico-Bustamante*, No. CR07-0611-PHX-MHM, CIV08-1108-PHX-MHM (DKD), 2010 WL 5467052, at *3 (D. Ariz. Sept. 10, 2010); *Lewis v. United States*, No. CV08-2084 PHX-DGC(JRI), 2009 WL 4694042, at *5 (D. Ariz. Dec. 4, 2009). These courts have held that "nothing in *Flores-Ortega* . . . would render [petitioner's] waiver unenforceable" since "post-plea ineffectiveness has no impact on the validity or enforceability of the waiver of [his] collateral attack rights." *Rico-Bustamante* at *3 (quoting *Lewis*). In such circumstances, absent a showing that the plea or waiver was invalid, the *Flores-Ortega* claim will "not overcome a valid waiver of *collateral challenges*." *United States v. Rivers*, No. 08-200006-01-KHV(Crim), 10-2343-KHV (civ), 2011 WL 484190, at *3 (D. Kan. Feb. 7, 2011). I similarly find this reasoning persuasive.

"If collateral attack waivers could not bar the Sixth Amendment challenges that do not amount to a complete deprivation of counsel, then the waivers could be sidestepped by every petitioner who framed their habeas challenge as stemming from the ineffective assistance of counsel." *Osborne v. United States*, No. 1:07CR00057, 2010 WL 227821, at *6 (W.D. Va., Jan. 19, 2010). If it were otherwise, the ineffective assistance of counsel exception to the collateral attack waiver rule would render the waiver useless. "'If all ineffective assistance of counsel claims were immune from waiver, any complaint about the process could be brought in a collateral attack merely by challenging the attorney's failure to achieve the desired result.'" *Osborne*, at *6 (quoting *United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002), and citing *Mason v. United States*, 211 F.3d 1065, 1068 (7th Cir. 2000)). "Many courts have, accordingly, characterized attempts by

9

petitioners to advance these ineffective assistance of counsel claims as mere camouflage for the explicit avenues of collateral attack that they have admittedly waived." *Id.*

A district court in the Sixth Circuit has come to a similar conclusion, holding that "the complete waiver of the right to appeal or collaterally attack a conviction and sentence by defendant [] in his plea agreement removes this case from the scope of *Flores-Ortega* or, at the very least, the defendant's knowing and voluntary waiver of his right to appeal or collaterally attack his conviction and sentence rebuts any presumption." *United States v. Arevalo*, No. 5:07-153-JMH-JGW (crim) and 09-7071-JMH-JGW (civ), 2010 WL 5391459, at *2 (E.D. Ky. Dec. 22, 2010). The court reasoned that "requiring counsel to file such appeal pleadings would be futile in the face of a knowing and voluntary waiver of the right to take an appeal." *Id*. Further, "requiring counsel to file a notice of appeal or an *Anders* brief in the face of such a waiver would be nonsensical . . . . [and] would also create an infallible rule out of the holding in *Flores-Ortega* that both defies logic and depends on a scenario which was not before the Court in that case." *Id.* The court noted that it found itself "in good, if somewhat limited, company" in its conclusion. *Id.* (citing *Mabry* and *Nunez* ("[c]ollateral review is not a means to undo an express waiver of an issue").) I therefore suggest that Blacksher's request for counsel to file a notice of appeal does not preclude enforcement of the valid § 2255 waiver.

In addition, as stated in the cases upholding waivers of direct appeals, collateral relief should be barred where the plea agreement was entered into knowingly and voluntarily because, "[h]aving received the benefit of his agreement, and having entered into his agreement knowingly and voluntarily, the defendant should not now be permitted to violate that same agreement." *United*

10

*States v. Coleman*, No. 07-185-JBC-JGW-2 (crim) and No. 09-7091 (civ) , 2010 WL 5173205, at *2 (E.D. Ky. June 7, 2010).[1]

### F.     Conclusion

I therefore suggest that the waivers contained in Blacksher's plea agreement, which he unhesitatingly acknowledged and affirmed on the record, should be enforced, that the motion to dismiss the § 2255 motion should be granted, and that Blacksher's motion to vacate sentence should be denied.

### III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2).  *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve

---

[1] As to the petitioner's contention that his counsel failed to file a notice of appeal despite his timely request to do so, the court held, without an evidentiary hearing, that "it was not error for counsel to do so given the valid waiver in defendant's plea agreement." *Id.* (citing *Nunez, supra.*)

all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

                                            s/ Charles E. Binder
                                            CHARLES E. BINDER
Dated: October 13, 2011                United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System, and served on the following non-ECF participant via the United States Postal Service: Danny Lamont Blacksher #42317039, FCI Herlong, P.O. Box 800, Herlong, CA 96113.

Date:  October 13, 2011                By    s/Patricia T. Morris
                                            Law Clerk to Magistrate Judge Binder